UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0802** |
| **STEVE RADER, WARDEN** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.  **Factual Background**[2]

The petitioner, George Brown ("Brown") is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[3] On May 11, 2007, Brown and three co-defendants, Lee Michael Brown, Charles Dexter Martin, and Ronnie Allen, were indicted by a Tangipahoa

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]As has become the habit of counsel for Patricia Amos, Assistant District Attorney and counsel for respondent, the Court was not provided with copies of the records of the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court pursuant to this Court's briefing order issued April 28, 2014. Rec. Doc. No. 4. Nevertheless, the state trial court record combined with the other exhibits from petitioner are sufficient for the Court to address the petition. Counsel is reminded that she is <u>required</u> to provide copies of the records of all levels of the state courts even if she finds it inconvenient to do so.

[3]Rec. Doc. No. 1.

Parish Grand Jury on one count of second degree murder.[4]  Brown entered a plea of not guilty on May 24, 2007.[5]  The Trial Court granted the defendants' motion to sever the proceedings of each defendant on October 31, 2007.[6]

After being found competent to stand trial,[7] on May 4, 2009, Brown entered into a plea agreement in which the State amended count one of the indictment to charge him with manslaughter and added a second count charging him with armed robbery.[8]  Brown entered pleas of no contest to the counts as amended.  After waiver of legal delays, the court sentenced Brown on the armed robbery count to serve 45 years in prison at hard labor and without benefit of parole, probation, or suspension of sentence.[9]  The court also sentenced him on the manslaughter charge to serve 40 years in prison at hard labor to run concurrently with the other sentence.[10]

Brown's convictions and sentences became final thirty (30) days later, on June 3, 2009, because he did not seek reconsideration of the sentence or seek leave to appeal.  La. Code Crim. P.

---

[4]St. Rec. Vol. 1 of 3, Indictment, 5/11/07.  The indictment does not reflect an initial second count of manslaughter but reference to it appears on the criminal minutes sheet.  St. Rec. Vol. 3 of 3, Criminal Minutes.

[5]St. Rec. Vol. 3 of 3, Minute Entry, 5/24/07.

[6]St. Rec. Vol. 3 of 3, Minute Entry, 10/31/07; Motion to Sever, 8/10/07.

[7]St. Rec. Vol. 3 of 3, Minute Entry, 10/1/08; Minute Entry, 7/15/08; Motion to Appoint Sanity Commission, 7/11/08.

[8]St. Rec. Vol. 3 of 3, Plea Transcript, 5/4/09; Minute Entry, 5/4/09; St. Rec. Vol. 1 of 3, Indictment, 5/11/07 (handwritten amendment dated 5/4/09).

[9]St. Rec. Vol. 3 of 3, Plea Transcript, pp. 10-11, 5/4/09.

[10]*Id*.

art. 914;[11] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.").

Just over one year later, on June 10, 2010, Brown submitted an application for post-conviction relief requesting an out-of-time appeal to raise the following errors:[12] (1) the trial judge erred in accepting an infirm guilty plea; (2) he was denied effective assistance of counsel before, during, and after the plea proceedings; (3) a review for errors patent should be done. The Trial Court denied the application on July 2, 2014, finding that Brown had waived his right to appeal during his plea.[13]

On review, the Louisiana First Circuit found no indication that Brown was advised of his right to appeal and remanded the matter for the Trial Court to obtain a reply to the application from the State and to determine whether Brown was entitled to an out-of-time appeal.[14]

On remand, the State argued that Brown was notified at the plea hearing that he was waiving his right to appeal, and his request for an out-of-time appeal was procedurally barred under

---

[11]Under Louisiana law, a plea of nolo contendere, or no contest, has the same legal effect in a criminal proceeding as a plea of guilty. *State v. Peters*, 546 So.2d 829 (La. App. 1st Cir. 1989), *cert. denied*, 552 So.2d 378 (La. 1989). Similarly, under federal law, the law relating to guilty pleas applies to pleas of nolo contendere. *Matthew v. Johnson*, 201 F.3d 353, 360 n.9 (5th Cir. 2000) (citing *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990)). Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So.2d 584, 588 (La. 1976). Where grounds do exist, Louisiana law requires the defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Petitioner's failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[12]St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, 6/29/10 (dated 6/10/10); Brief in Support, 6/29/10.

[13]St. Rec. Vol. 3 of 3, Trial Court Order, 7/2/10.

[14]St. Rec. Vol. 3 of 3, 1st Cir. Order, 2011-KW-0342, 5/23/11.

Louisiana law.[15] The Trial Court denied the application based on Brown's clear waiver of the right to appeal and the State's procedural objections.[16] The Trial Court rejected Brown's attempt to file an improper and untimely response to the State's objections submitted after the court had already ruled.[17]

The Louisiana First Circuit denied Brown's related writ application without stated reasons on November 9, 2011.[18] The Louisiana Supreme Court also denied Brown's writ application without stated reasons on August 22, 2012.[19]

## II.     Federal Habeas Petition

On April 25, 2014, the Clerk of this Court filed Brown's petition for federal habeas corpus relief in which he argues that the state trial court erred in denying his application for post-conviction relief without considering his reply to the State's opposition response which established his right to an out of time appeal.[20]

The State filed a response in opposition to the petition arguing that it was not timely filed and otherwise failed to present a cognizable issue for federal habeas review.[21]

---

[15]St. Rec. Vol. 3 of 3, State's Objections, 8/2/11.

[16]St. Rec. Vol. 3 of 3, Trial Court Judgment, 8/8/11; Trial Court Order, 7/14/11.

[17]St. Rec. Vol. 3 of 3, Trial Court Order, 8/22/11; Petitioner's Reply, 8/24/11 (dated 8/11/11).

[18]St. Rec. Vol. 3 of 3, 1st Cir. Order, 2011-KW-1617, 11/9/11.

[19]*State ex rel. Brown v. State*, 95 So.3d 1066 (La. 2012); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2011-KH-2628, 8/22/12; La. S. Ct. Letter, 2011-KH-2628, 11/29/11.

[20]Rec. Doc. No. 1.

[21]Rec. Doc. No. 7.

In his reply to the State's response in opposition, Brown did not address his untimely filing.[22] He instead asserts that he exhausted available state court remedies and argues that he is entitled to relief on the grounds that the state trial court failed to hold an evidentiary hearing and erred in denying his claim based on the waiver of the right to appeal.

### III.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[23] applies to this petition, which is deemed filed in this Court by Brown under the federal mailbox rule on September 18, 2012.[24]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[22]Rec. Doc. No. 8.

[23]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Brown dated his signature on the form petition and attached memorandum on September 18, 2012.  The pleadings originally were received by the Clerk of Court on September 24, 2012, without a filing fee or a completed pauper application.  Although the Clerk of Court's records reflect that Brown was immediately notified of this deficiency, he did not submit a pauper application to the Court until March 31, 2014, the date appearing with the signature pauper application. Rec. Doc. No. 2.  Nevertheless, September 18, 2012, the date on which he submitted the original pleadings, is considered to be the date of filing under the mailbox rule. *See Spotville*, 149 F.3d at 374.

As indicated above, the State asserts that Brown's petition is not timely filed. For the reasons that follow, Brown's petition should be dismissed as untimely filed.

## IV. Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[25] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Brown's conviction was final on June 3, 2009, when he did not appeal or seek reconsideration of his sentence. Pursuant to § 2244, Brown had one year from that date, or until June 3, 2010, to file a timely federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Brown's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A. Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a

---

[25]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the state's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state

filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on June 4, 2009, the day after Brown's conviction and sentence were final. The one-year filing period ran uninterrupted until June 3, 2010, when it expired. Brown had no properly filed state application for post-conviction or other collateral review pending during that time. Brown made no other relevant filing until he signed and submitted his application for post-conviction relief to the state trial court on June 10, 2010.[26] This pleading, filed after expiration of the AEDPA one-year filing period, provides no tolling benefit under the statute. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, Brown's federal petition deemed filed on September 18, 2012, was not timely filed in this Court under the AEDPA.

### B.     No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in

---

[26] St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, 6/29/10 (dated 6/10/10).

8

some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that the state's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Brown has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects that Brown was not diligent in pursuing federal habeas review in a timely manner. There is no basis for equitable tolling in this case.[27]

For all of the foregoing reasons, Brown's federal petition deemed filed on September 18, 2012, which was over two years after the one-year AEDPA filing period expired on June 3, 2010, is untimely and should be dismissed for that reason.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that George Brown's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

---

[27]For the benefit of a reviewing court, the Court notes that the United States Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), also do not provide an excuse for Brown's failure to timely file this federal petition. In *Martinez*, the Supreme Court held that a state imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added).

However, Brown's post-conviction claim of ineffective assistance of trial counsel was denied on the merits after the state courts resolved that he had waived the right to appeal and no prejudice resulted from counsel's failure to move for appeal. Although he was not represented by counsel on collateral review, there was no state imposed procedural bar to his claim. Therefore, the "default" at issue here is not a state imposed procedural bar to his claims.

Instead, the bar here is Brown's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).

These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See*, *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither *Martinez* nor *Trevino* offer Brown any equitable or statutory relief from his untimely filing under the AEDPA.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[28]

New Orleans, Louisiana, this 19th day of November, 2014.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[28] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.