UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0802** |
| **STEVE RADER, WARDEN** | **SECTION "E"(4)** |

## O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Petitioner's Objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.[1]  Therefore,

**IT IS ORDERED** that George Brown's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

New Orleans, Louisiana this 1st day of April, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] Page 3 of the Report and Recommendation contains a typographical error. The last line of the first full paragraph should read: "The Trial Court denied the application on July 2, 2010, finding that Brown had waived his right to appeal during his plea." The Court also notes that, although petitioner correctly asserts in his opposition that he had two years to seek an out-of-time appeal in Louisiana state court under Louisiana Code of Criminal Procedure article 930.8, petitioner fails to address the timeliness of his federal petition under the AEDPA. The AEDPA requires a petitioner to bring his habeas petition within one year of the date his conviction became final. In this case, over one year elapsed before petitioner filed his application for post-conviction relief seeking an out-of-time appeal with the state court. Thus, the one-year period for petitioner to file his federal petition expired before petitioner properly filed his state application. Because the one-year period already expired, the filing did not toll the one-year period for petitioner to file a timely federal application.